BR2">






In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00042-CR


______________________________




DOMINIC KEVIN WARD, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 32069-B




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Ross



MEMORANDUM OPINION



 After the trial court denied his motion to suppress evidence, Dominic Kevin Ward
pled guilty to the offense of felon in possession of a firearm. See Tex. Pen. Code Ann.
§Â 46.04 (Vernon Supp. 2006). The trial court assessed Ward's punishment at five years'
imprisonment. Ward now appeals, contending the trial court erred by denying his motion
to suppress evidence because the State's search warrant was not supported by probable
cause. Ward also contends the evidence is insufficient to show he had possession or
ownership of the firearms at issue. We overrule both points of error and affirm the trial
court's judgment.

I. Factual and Procedural Background

 At the hearing on Ward's motion to suppress, Officer Chad Walls of the Gregg
County Sheriff's Department testified that, on September 8, 2004, he went to an apartment
located in Longview to serve a felony warrant for Michelle Gibson, whom police believed
to be living at the apartment. A woman opened the apartment door after Walls and Deputy
Mark Polk knocked. Walls looked in the apartment and saw Ward inside. Ward then gave
the deputies consent to enter the apartment. Walls testified that this consent was not
obtained through force, threat, or coercion. Walls then testified that Ward said he lived
there with his girlfriend. 

 The deputies did not find Gibson inside the apartment, but they did see two firearms
in plain view while searching for Gibson. Walls described these guns as a silver and black
handgun (which had been seen lying on a bed) and a black handgun (which apparently
had been seen inside an open "cubby hole" of the computer table). The deputies later
learned from Ward that he slept in the bed on which the silver and black handgun had
been seen. Ward also admitted to the officers that he had been given the two handguns
by a friend and further informed the officers that the gun seen on the bed had a problem
with its firing pin. The officers remained inside the apartment for about ten or fifteen
minutes and then left. 

 Walls subsequently ran a background check on Ward using the name, date of birth,
and other information provided by Ward during the time the officers spent in the apartment. 
This background check revealed Ward had a prior felony conviction within the previous five
years. Officers then suspected Ward was in possession of a firearm in violation of Article
46.04 of the Texas Penal Code. Acting on this new information, Walls sought and
obtained a search and arrest warrant. The warrant, issued September 9, 2004, authorized
law enforcement officers

to enter the suspected place, vehicles, and premises described in said
affidavit, to wit: Apartment #228 of the Hidden Hills Apartments, said
apartment is located at 614 Gilmer Road, Longview, Gregg County, Texas,
and sits near the southeast intersection of Gilmer (Hwy 300) and Fairmont
Roads.

 At said places you shall search for and, if same be found, seize and
bring before me the property described in the affidavit, to-wit: Firearms, and
further, you are commanded to arrest and bring before me each suspected
party named in said affidavit, to wit:

 Dominic Kevin Ward, a white male born [in 1980] for the offense of
Unlawful Possession of Firearm.

The affidavit attached to Walls' search warrant application states, among other things, that
Walls believed Ward, 

 on or about the 8th day of September, 2004, did then and there, having been
convicted of the felony offense of Burglary of a Habitation, in cause number
26175-B in the 124th District Court of Gregg County, Texas, in a case on the
docket of said Court and entitled The State of Texas vs. Dominic Kevin
Ward, intentionally or knowingly possess a firearm before the fifth
anniversary of the defendant's release from supervision under parole
following conviction of said felony . . . . 


The affidavit further details Ward's observations on the previous day while trying to serve
the arrest warrant for Gibson. 

 When the officers returned September 9, 2004, to execute the newly obtained
search and arrest warrant, they again found Ward at the apartment. The officers took
Ward into custody and proceeded to search the residence, as was authorized by the
warrant. The guns the officers had seen in plain view on the previous day were no longer
openly visible. Nevertheless, police eventually located those two guns, along with two
more: a .30-30 rifle and a shotgun. The officers also found bullets for some of the guns. 

II. Standard of Review

 The standard of review for the trial court's ruling on a motion to suppress is abuse
of discretion. Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999); Freeman v.
State, 62 S.W.3d 883 (Tex. App.--Texarkana 2001, pet. ref'd). In a suppression hearing,
the trial court is the sole trier of fact and judge of the witnesses' credibility and the weight
to be given their testimony. The evidence should be viewed in the light most favorable to
the trial court's ruling. State v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999);
Freeman, 62 S.W.3d at 886. We should afford almost total deference to the trial court's
determination of historical facts that the record supports, especially when the fact-findings
are based on an evaluation of the witnesses' credibility and demeanor. State v. Ross, 32
S.W.3d 853, 856 (Tex. Crim. App. 2000); Freeman, 62 S.W.3d at 886. However, we
review de novo the trial court's application of the law of search and seizure to the facts
adduced at trial. Ross, 32 S.W.3d at 856. Further, when the trial court does not file
findings of fact and conclusions of law--as is the case here (1)--we should assume that the
trial court made implicit findings that support its ruling, so long as those implied findings are
supported by the record. Id. at 855. If the trial court's decision is correct on any theory of
law applicable to the case, we should affirm the decision. Id. at 855-56.

III. Analysis of Issue Presented

 Ward argues on appeal that, once the police saw Gibson was not present in the first
room in which the police entered, the officers should then have immediately ended their
search and left. Because they did not, argues Ward, the subsequent search of that
apartment--and the evidence that search revealed--was obtained in violation of Ward's
Fourth Amendment protections against unreasonable searches and seizures. We
conclude Ward is incorrect for several reasons.

 Consent is one exception to the Fourth Amendment's warrant requirement. Laney
v. State, 117 S.W.3d 854, 863 (Tex. Crim. App. 2003) (Meyers, J., concurring) (citing
Schneckloth v. Bustamonte, 412 U.S. 218 (1973)). The evidence at trial showed Ward
consented to the officers' entry September 8. The record contains no evidence Ward
either later withdrew that consent or attempted to limit the officers' entry to any specific
area of the apartment. Thus, the trial court could have properly concluded Ward's grant
of consent was a conveyance of permission to the police to enter the entirety of the
apartment dwelling, without limitation. If such was the trial court's conclusion, and such a
conclusion would have been supported by the evidence adduced in the court below, Walls'
entry into Ward's bedroom was certainly within the scope of Ward's initial consent to police
entry into the apartment and, therefore, did not offend the strictures of the Fourth
Amendment.

 Because the officers' entry of Ward's bedroom September 8, 2004, did not offend
the Constitution, it follows that any information they gathered from their plain sight
observations may subsequently form the basis of probable cause. Cf. Johnson v. State,
161 S.W.3d 176, 182 (Tex. App.--Texarkana 2005, pet. granted) ("The plain view
exception requires that '(1) law enforcement officials have a right to be where they are, and
(2) it be immediately apparent that the item seized constitutes evidence.'"). That is what
happened in this case: Deputy Walls used his observations from September 8 regarding
Ward's admitted possession of two firearms to obtain a warrant September 9, which police
then executed later that day. 

 Ward does not argue in his brief to this Court that neither the affidavit in support of
the search warrant application nor the search warrant issued September 9, 2004, is
defective in any manner. Instead, Ward's arguments on appeal concern only the propriety
of the events justifying Walls' intrusion into Ward's bedroom September 8. As we have
already concluded that the police did not violate Ward's constitutional rights September 8,
2004, the evidence obtained during that search was properly used to provide probable
cause for the September 9 search warrant. We, therefore, conclude the trial court properly
overruled Ward's motion to suppress.

IV. Sufficiency of the Evidence to Show Possession

 Ward also contends the evidence is insufficient to show he had possession of the
firearms. In reviewing the legal sufficiency of the evidence, we view the relevant evidence
in the light most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. 
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In a factual sufficiency review,
we view all the evidence in a neutral light and determine whether the evidence supporting
the verdict is too weak to support the finding of guilt beyond a reasonable doubt or if
evidence contrary to the verdict is strong enough that the beyond-a-reasonable-doubt
standard could not have been met. Threadgill v. State, 146 S.W.3d 654, 664 (Tex. Crim.
App. 2004) (citing Zuniga v. State, 144 S.W.3d 477, 486 (Tex. Crim. App. 2004)).

 In this case, Walls testified that Ward admitted a friend had given him the guns. 
Such testimony demonstrates both possession and ownership, demonstrating the
necessary, critical link between Ward and the guns at issue. The firearms were also found
inside Ward's apartment, on Ward's bed, at a time when Ward was in the home. Ward
also told the officers that one of the weapon's firing pins was inoperable, a statement
suggesting a more than casual acquaintance with the weapon. Ward did not testify in this
case during the hearing on his motion to suppress, and he presented no evidence contrary
to Walls' testimony on this issue. Nor is there any suggestion in the record that police
coerced Ward into confessing about his possession of the firearms. Accordingly, absent
any contrary evidence on this issue, we conclude the evidence is both factually and legally
sufficient to show Ward possessed the firearms, as alleged by the State.

V. Conclusion

 We overrule Ward's two points of error and affirm the trial court's judgment.



 Donald R. Ross

 Justice


Date Submitted: October 12, 2006

Date Decided: October 13, 2006


Do Not Publish
1. The Texas Court of Criminal Appeals has held that, "upon the request of the losing
party on a motion to suppress evidence, the trial court shall state its essential findings. By
'essential findings,' we mean that the trial court must make findings of fact and conclusions
of law adequate to provide an appellate court with a basis upon which to review the trial
court's application of the law to the facts." State v. Cullen, 195 S.W.3d 696, 699 (Tex.
Crim. App. 2006). Ward has not directed us, nor have we independently found, where he
made such request.